# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| REGINA MORRIS, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21-cv-02404 |
| vs. | ) ) | |
| NEXTEP SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Class Action Settlement Agreement and Release (herein referred to as "Settlement Agreement" or "Settlement") is made and entered into by and between REGINA MORRIS ("Plaintiff") on behalf of herself and each member of the Settlement Class as defined below, and Defendant NEXTEP SYSTEMS, INC. ("Nextep" or "Defendant") (together with Plaintiff, the "Parties").

**I.     RECITALS**

1.     Separate from and prior to this action, on September 5, 2017, Plaintiff Regina Morris filed a class action complaint captioned *Regina Morris, et al. v. Wow Bao LLC, Wow Bao Franchising LLC and Lettuce Entertain You Enterprises, Inc.*, Case No. 2017-CH-12029, in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* (the "*Wow Bao* litigation").

2.     On March 9, 2021, Plaintiff Regina Morris filed a separate and distinct class action complaint captioned *Morris v. Nextep Systems, Inc.*, Case No. 2021-CH-01125, in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, alleging separate and

DocuSign Envelope ID: 0DA9B426-2E4F-498F-B695-6DF9BD78D224

distinct violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*

3.      On May 5, 2021, Nextep removed the matter (the "Action") to federal court. (Dkt. No. 1.)

4.      On May 26, 2021, Nextep filed its Answer to Complaint. (Dkt. No. 12.)

5.      On July 21, 2021, the Parties filed their Joint Initial Status Report. (Dkt. No. 15.)

6.      On October 29, 2021, and again on November 16, 2021, the Parties filed Joint Status Reports updating the Court on the status of their settlement discussions. (Dkt. Nos. 18, 20.)

7.      On December 6, 2021, Plaintiff issued written discovery, including interrogatories and requests for production of documents, as well as her Rule 26(a) Initial Disclosures.

8.      On February 3, 2022, the Parties filed a Joint Motion for Entry of Confidentiality Order (Dkt. No. 26), which was granted by the Court on February 4, 2022. (Dkt. No. 27.)

9.      On February 11, 2022, Nextep filed a Motion for Phased Discovery, which was fully briefed. (Dkt. Nos. 29, 32, 36.)

10.      On March 9, 2022, Plaintiff filed a Motion for Status hearing in which Nextep responded in opposition to on March 10, 2022. (Dkt. Nos. 40, 41.)

11.      On March 21, 2022, the Parties filed a Joint Status Report updating the Court on the status and progress of their discovery-related discussions. (Dkt. No. 43.)

12.      On March 28, 2022, the Court denied Nextep's Motion for Phased Discovery and Plaintiff's Motion for Status Hearing, both without prejudice. (Dkt. No. 44.)

13.      On April 1, 2022, the Parties filed a Joint Status Report updating the Court on the status of their discovery discussions and the status of scheduling a settlement conference. (Dkt. No. 45.)

DocuSign Envelope ID: 0DA9B426-2E4F-499F-B695-6DF9BD78D224

14.     On May 20, 2022, Plaintiff filed a Motion to Compel Discovery to which Nextep responded to on June 2, 2022. (Dkt. Nos. 48, 54.)

15.     On June 1, 2022, the Parties filed a Joint Status Report updating the Court on the status of their discovery discussions and the status of scheduling a settlement conference. (Dkt. No. 52.)

16.     On August 1, 2022, the Court granted Plaintiff's Motion to Compel Discovery. (Dkt. No. 56.)

17.     On September 14, 2022, the Parties filed a Joint Status Report updating the Court on the status of scheduling a settlement conference. (Dkt. 57.)

18.     On October 3, 2022, Plaintiff filed in the Circuit Court for the County of Oakland Michigan a motion to enforce a subpoena issued to Nextep as a third-party to the *Wow Bao* litigation, which matter is captioned *Regina Morris, et al. v. Wow Bao LLC, Wow Bao Franchising LLC and Lettuce Entertain You Enterprises, Inc.*, Case No. 2022-196493 (the "Subpoena Enforcement Action").

19.     Also on October 3, 2022, the Parties filed a Joint Statement and Proposed Case Calendar. (Dkt. No. 60.)

20.     On October 5, 2022, the Court reviewed the Parties' Joint Statement and Proposed Case Calendar, granted a short extension of all fact discovery, and set a fact discovery deadline of November 18, 2022. The Court also set a dispositive motion deadline, including a motion for class certification, for December 2, 2022. (Dkt. No. 61.)

21.     On November 15, 2022, after exchanging their respective settlement position statements, the Parties participated in a settlement conference with the Honorable Magistrate Judge McShain. (Dkt. No. 63.) Although the Parties were unable to reach an agreement at the time, the

DocuSign Envelope ID: 0DA9B426-2E4F-498F-B695-6DF9BD78D224

Parties agreed to continue discussing a possible resolution.

22.    On November 16, 2022, Plaintiff filed a Motion to Quash and for Entry of a Protective Order in Connection with Subpoena Served by Defendant on Plaintiff's Counsel, which Nextep responded to on November 17, 2022. (Dkt. Nos. 64, 66.) The Court denied Plaintiff's Motion on November 18, 2022 and directed Plaintiff to produce a former law clerk for deposition, which Plaintiff complied. (Dkt. No. 70.) The Court also ordered Plaintiff to show cause why she should not be required to pay the attorneys' fees and costs incurred in responding to Plaintiff's Motion, and Plaintiff filed a response to the show cause order on November 28, 2022. (Dkt. Nos. 70, 75.)

23.    On November 17, 2022, Plaintiff filed another Motion to Compel Discovery, which Nextep responded to on November 21, 2022. (Dkt. Nos. 68, 73.) The Court denied Plaintiff's Motion on December 1, 2022. (Dkt. No. 78.) The Court also ordered Plaintiff to show cause why she should not be required to pay the attorneys' fees and costs incurred in responding to Plaintiff's Motion, and Plaintiff filed a response to the show cause order on December 12, 2022. (Dkt. Nos. 77, 87.)

24.    On December 2, 2022, Nextep filed a Motion for Summary Judgment (Dkt No. 79) and Plaintiff filed a [Renewed] Motion for Class Certification. (Dkt. No. 84.)

25.    On December 19, 2022, the Parties, along with Wow Bao, LLC, participated in a global settlement conference with the Honorable Judge McShain. (Dkt. No. 88.) Although the Parties, again, were unable to reach an agreement at the time, the Parties further agreed to continue discussing a possible resolution.

26.    In an effort to reach a resolution of this matter, the Parties continued to engage in significant settlement discussions following the global settlement conference. These efforts

DocuSign Envelope ID: 0DA9B426-2E4F-498F-B695-6DF9BD78D224

culminated in an agreement to resolve this matter in principle on January 11, 2023. (Dkt. No. 91.)

27.    Plaintiff and Class Counsel have conducted a comprehensive examination of the facts and the law regarding this matter and have concluded that a settlement according to the terms set forth herein is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Settlement Class, recognizing (a) the existence of complex and contested issues of law and fact; (b) the risks inherent in litigation; (c) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (d) the magnitude of the benefits derived from the contemplated Settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (e) Class Counsel's determination that the Settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members. For purposes of this Settlement Agreement, Class Counsel have also determined that the Settlement Agreement procedures described herein are superior to other available methods for the fair and efficient resolution of this controversy.

28.    Defendant denies any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in this matter. By entering into this Settlement, Defendant does not admit any liability or wrongdoing, and expressly denies the same.

29.    Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

30.    The Parties agree to cooperate and take all reasonable steps necessary and appropriate to obtain preliminary and final approval of the Settlement Agreement, to effectuate all aspects of the Settlement Agreement, and to dismiss the Action with prejudice upon final approval

and entry of final judgment.

31.     In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the matter be settled and compromised, and that the Releasors, as that term is defined herein, release the Released Parties, as that term is defined herein, of the Released Claims, as that term is defined herein, without costs as to Defendant, the Released Parties, Plaintiff, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.     SETTLEMENT TERMS

### A.     DEFINITIONS

The following terms, as used in this Settlement Agreement, have the following meanings:

32.     "Action" means the class action lawsuit pending in the United States District Court, for the Northern District of Illinois, Eastern Division, captioned *Regina Morris v. Nextep Systems, Inc.*, Case No. 1:21-cv-02404.

33.     "Administrative Fees" means all fees, expenses, and costs associated with the administration of the Settlement by the Settlement Administrator, including but not limited to fees, expenses, and costs incurred in providing Notice, communicating with the Settlement Class Members, disbursing payments to participating Settlement Class Members, and tax reporting.

34.     "Approved Claim" means a Claim Form submitted by a Settlement Class Member that is (a) timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, (b) is fully completed and physically signed or electronically signed by the Settlement Class Member, and (c) satisfies the conditions of eligibility for a Settlement Payment

DocuSign Envelope ID: 0DA9B426-2E4F-499F-B695-6DE9BD78D224

as set forth in this Agreement.

35.    "Biometric System" means the facial recognition kiosks sold by Nextep and used at a Wow Bao restaurant in the State of Illinois from March 9, 2016, through the present which allegedly utilized a scan of Plaintiff's and the other Settlement Class Members' facial geometries for order recall and authentication purposes.

36.    "Claim Deadline" means the date by which all Claim Forms must be postmarked or submitted on the Settlement Website to be considered timely and shall be set as a date no later than ninety (90) days following the Notice Date, subject to Court approval. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

37.    "Claim Form" means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, which shall be completed by Settlement Class Members who wish to file a claim for a Settlement Payment, shall be available in paper and electronic format. The Claim Form will require claiming Settlement Class Members to provide the following information: (i) full name, (ii) current U.S. mailing address, and (iii) current contact telephone number and email address. The Claim Form will not require notarization.

38.    "Class," "Settlement Class," "Class Member," or "Settlement Class Member" mean all individuals, including the Named Plaintiff, in the State of Illinois who used facial recognition at an ordering kiosk sold by Nextep at a Wow Bao store, including, but not necessarily limited to (1) 835 North Michigan Avenue, (2) 1 West Wacker Blvd, (3) 225 North Michigan Avenue.

39.    "Class Counsel" refers to Stephan Zouras, LLP, 100 N. Riverside Plaza, Suite 2150, Chicago, IL 60606.

40.    "Class Representative" means the Named Plaintiff in the Action, Regina Morris.

41.     "Court" means the United States District Court, for the Northern District of Illinois, Eastern Division, and the Honorable Judge Steven C. Seeger or any judge sitting in his stead.

42.     "Defendant" means Defendant Nextep Systems, Inc.

43.     "Defendant's Counsel" means Kabat Chapman & Ozmer LLP, 171 17th Street NW, Suite 1550, Atlanta, GA 30363 and Shook, Hardy & Bacon LLP, 111 South Wacker Drive, Suite 4700, Chicago, IL 60606.

44.     "Effective Date" means the first business day after the date on which the Final Judgment becomes final. For purposes of this definition, the Final Judgment "becomes final" when the Final Approval Order has been entered on the docket, or if a timely objection has been submitted, on the latest of the following dates: (a) on the date that the time to appeal from the Final Approval Order has expired and no appeal has been timely filed; (b) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or (c) the Court, following the resolution of the appeal, enters a further order or orders approving the Settlement on the material terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s). In the event that the Court does not approve the Settlement Agreement and/or does not enter a Final Judgment, or in the event that entry of the Final Judgment is reversed on appeal, then there shall be no Effective Date and this Settlement Agreement shall become null and void.

45.     "Fee Award" means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

46.     "Fee Petition" means the motion to be filed by Class Counsel in which they seek approval of an award of attorneys' fees, costs, and expenses. Class Counsel will seek a fee award up to 35% of the Settlement Fund plus out-of-pocket costs, which Defendant will not oppose.

47. "Final Approval Hearing" means the hearing contemplated by the Parties at which the Court will grant final approval of the Settlement and make such other final rulings as are contemplated by the Settlement Agreement.

48. "Final Approval Order" means the Court's order granting final approval of this Settlement Agreement on the terms provided herein or as those terms may be modified by subsequent written agreement of the Parties. The Final Approval Order shall:

    a.    Grant final certification of the Settlement Class;

    b.    Find that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of the Settlement Agreement;

    c.    Dismiss Plaintiff's and Class Members' claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

    d.    Approve the Release provided in the Settlement Agreement and order that, as of the Effective Date, the Released Claims will be released as to the Released Parties; and

    e.    Enter a Final Judgment.

The Parties shall submit a proposed Final Approval Order setting forth the terms of this Settlement Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Approval Hearing or at such other time as the Court deems appropriate.

49. "Final Judgment" refers to the judgment entered by the Court in conjunction with the Final Approval Order.

50. "Notice" means the notice of the proposed Settlement and Final Approval Hearing approved by the Court, which is to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement, fulfilling the requirements of Due Process and Rule 23 of the Federal Rules of Civil Procedure, and is substantially in the form of Exhibit B attached

DocuSign Envelope ID: 0DA9B426-2E4F-498F-B69E-6DF9BD78D224

hereto.

51.     "Notice Date" means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than fourteen (14) calendar days after entry of the Preliminary Approval Order.

52.     "Objection/Exclusion Deadline" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a member of the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date approximately forty-five (45) calendar days after the Notice Date, or such other date as ordered by the Court. The Objection/Exclusion Deadline will be set forth in the Notice and on the Settlement Website.

53.     "Parties" means Plaintiff and Defendant, collectively.

54.     "Preliminary Approval Order" or "Preliminary Approval" refers to the Court's order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing Notice of the Settlement to the Settlement Class substantially in the form of the Notice(s) and means set forth in this Agreement.

55.     "Qualified Settlement Fund" or "QSF" means the interest-bearing escrow account with the Settlement Fund to be opened, administered, and controlled by the Settlement Administrator as a "Qualified Settlement Fund" under Section 468B of the IRC and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, et seq.

56.     "Released Claims" means Members of the Settlement Class who do not opt out shall release, relinquish, and give up any and all actual, potential, filed, unfiled, known or unknown claims, suits, actions, controversies, demands, and/or causes of action arising under BIPA, at common law, or any other privacy-related statute, relating to use of facial recognition at Wow Bao stores in Illinois from March 9, 2016 through the present. Nothing in the release of claims shall

DocuSign Envelope ID: DDA9B426-2E4F-498F-B69F-6DF9BD78D224

operate to release any claims against the defendants in the case of *Morris v. Wow Bao, LLC et al.*, Case No. 17-CH-12029, currently pending in the Circuit Court of Cook County, Illinois.

57.     "Released Parties" refers to Nextep Systems, Inc., Global Payments Inc., and all of their parents, subsidiaries, divisions, assigns, predecessors, successors, holding companies, shareholders, principals, owners, members, trustees, administrators, executors, directors, officers, managers, board members, attorneys, insurers, reinsurers, underwriters, and lenders. For the avoidance of doubt Wow Bao, LLC, Wow Bao Franchising, Lettuce Entertain You Enterprises, Inc., as well as their parents, subsidiaries, divisions, assigns, predecessors, successors, holding companies, shareholders, principals, owners, members, trustees, administrators, executors, directors, officers, managers, board members, attorneys, insurers, reinsurers, underwriters, lenders and/or outside vendors, including but not limited to any entity that manufactured, sold, or otherwise provided Nextep Systems, Inc. with any Biometric System at issue in this lawsuit, or any portion thereof, whether software or hardware, are not considered released parties.

58.     "Releasor(s)" refers jointly and severally, individually and collectively, to the Named Plaintiff, the Settlement Class Members, and each of their predecessors, successors, beneficiaries, heirs, executors, conservators, administrators, and assigns of each of the foregoing, and anyone claiming by, through or on behalf of them.

59.     "Relevant Period of Time" is from March 9, 2016 through the present.

60.     "Service Award" means the amount to be paid to the Named Plaintiff, subject to approval of the Court, as payment for her efforts for the benefit of the Class, including assisting Class Counsel with the prosecution of the Action. Defendant will not oppose the Named Plaintiff seeking a Service Award from the Settlement Fund of $10,000, paid out of the Settlement Fund.

61.     "Settlement Administrator" means, subject to Court approval, the entity selected by

Class Counsel and mutually supervised by the Parties to administer the Settlement.

62.     "Settlement Fund" means a cash settlement fund to be established by Defendant or its insurers in an amount equal to $450.00 multiplied by 1,369 Class Members for a total of $616,050.00. The Settlement Fund shall be used to satisfy all of the following as approved by the Court: (1) all payments to the Named Plaintiff and participating Settlement Class Members; (2) the Fee Award in connection with all of Class Counsel's representation of Named Plaintiff and the Settlement Class Members, including all attorneys' fees and costs that may arise in the future in connection with this Settlement Agreement, including, without limitation, seeking Court approval of the Settlement Agreement, and the notice process; (3) all Administrative Fees incurred by the Settlement Administrator; and (4) a Service Award to the Named Plaintiff.

63.     "Settlement Payment" means that to participate in the settlement and make a recovery, putative Class Members are required to submit a Claim Form. Each participating Class Member will receive a *pro rata* share of the settlement, less the Fee Award, Administrative Fees, and a Service Award to the Named Plaintiff.

64.     "Settlement Website" means the website to be created, launched, and maintained by the Settlement Administrator, which will provide access to relevant settlement administration documents, including the Notice, relevant court filings, and the ability to submit Claim Forms online. The Settlement Website shall be live and active by the Notice Date, and the URL of the Settlement Website shall be www.nextepbipasettlement.com, or such other URL as the Parties may subsequently agree to.

## B.     SETTLEMENT CLASS CERTIFICATION

65.     Solely for the purposes of this Settlement Agreement, the Parties stipulate and agree that: (a) the Class shall be certified under Rule 23 of the Federal Rules of Civil Procedure in

DocuSign Envelope ID: 0DA9B426-2E4F-498F-B69F-6DF9BD78D224

accordance with the definition contained in Paragraph 67, below; (b) Named Plaintiff shall represent the Class for settlement purposes and shall be the Class Representative; and (c) Plaintiff's Counsel shall be appointed as Class Counsel.

66.     Defendant does not consent to certification of the Class for any purpose other than to effectuate the Settlement. Defendant expressly reserves its right to oppose class certification and oppose the merits of the Action should the Settlement Agreement not become final in which case the Parties will return to the *status quo ante*.

67.     Subject to Court approval, the following Settlement Class shall be certified for settlement purposes:

> All individuals, including Named Plaintiff, in the State of Illinois who used facial recognition at an ordering kiosk sold by Nextep at a Wow Bao store, including, but not necessarily limited to (1) 835 North Michigan Avenue, (2) 1 West Wacker Blvd, (3) 225 North Michigan Avenue, from March 9, 2016 through the date of preliminary approval.

68.     Excluded from the Settlement Class are (1) the Court and members of their families; (2) persons who properly execute and file a timely request for exclusion from the Class; and (3) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released.

**C.     SETTLEMENT APPROVAL REQUIREMENTS**

69.     The Settlement is conditioned upon Preliminary Approval and Final Approval of the Settlement Agreement by the Court.

70.     The Settlement Agreement requires the occurrence of all of the following events: (a) execution of the Settlement Agreement by the Parties; (b) submission of the Settlement Agreement by the Parties to the Court for preliminary approval; (c) entry of the Preliminary Approval Order by the Court granting preliminary approval of the Settlement Agreement and

13

DocuSign Envelope ID: 0DA9B426-2E4F-498F-B69F-6DF9BD78D224

certification of a class action for purposes of this Settlement only; and (d) Court approval of the method of distribution and the form and content of the Settlement Notice.

71.     The Settlement Agreement will become final and effective only upon the occurrence of the following events: (a) the Court enters the Final Approval Order; (b) the Effective Date occurs, and (c) any challenge to the Settlement, whether by objection or appeal, is resolved in favor of enforcement of the Settlement.

### D.     MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

72.     Within twenty-one (21) calendar days after full execution of this Settlement Agreement, Plaintiff, through Class Counsel, will file with the Court an Unopposed Motion for Preliminary Approval of Settlement ("Preliminary Approval Motion") to be prepared by Plaintiff and agreed upon by the Parties.

73.     The Preliminary Approval Motion shall submit this Settlement Agreement, together with its exhibits, to the Court and shall request that the Court enter the Preliminary Approval Order: (a) granting preliminary approval of the Settlement Agreement described herein; (b) conditionally certifying the Class for settlement purposes only; (c) approving the Notice and the proposed plan of settlement administration described herein; and (d) scheduling a tentative date for a Final Approval Hearing approximately one hundred twenty (120) days after entry of the Preliminary Approval Order.

74.     Should the Court decline to enter the Preliminary Approval Order or otherwise decline to preliminarily approve any aspect of the Settlement Agreement, the Parties will attempt to renegotiate those aspects of the Settlement Agreement in good faith, with the mutual goal of attempting to reach an agreement as close to this Settlement Agreement as possible and will then submit the renegotiated settlement agreement to the Court for preliminary approval. If and only if

DocuSign Envelope ID: 0DA9B426-2E4F-498F-B69F-6DF9BD78D224

the Parties are unable to obtain preliminary approval of a settlement agreement after submitting at least two renegotiated settlements to the Court, the Settlement Agreement will be null and void, and the Parties will have no further obligations under it, and the Parties will revert to their prior positions in the Action as if the Settlement had not occurred.

### E. ESTABLISHMENT AND ALLOCATION OF THE SETTLEMENT FUND

75. Defendant agrees to pay amounts to the Settlement Administrator necessary to create the Settlement Fund as follows:

a. Within fourteen (14) calendar days of the Final Approval Hearing, conditioned upon the Court's prior entry of the Preliminary Approval Order, Defendant or its insurer(s) shall pay to the Settlement Administrator the total Settlement Fund in the amount of $616,050.00. Provided that final approval of this Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Fund will be used to satisfy all claims for Settlement Class Members in exchange for a comprehensive release and the covenants set forth in this Agreement, including, without limitation, a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Action with prejudice.

b. The Settlement Fund shall be used to pay (i) participating Settlement Class Members' claims; (ii) a Service Award of up to $10,000.00 to the Class Representative; (iii) the Fee Award; and (iv) all costs of administration of the Agreement to the Settlement Administrator, including without limitation costs in providing Notice of the Settlement to the Settlement Class, communicating with and assisting Settlement Class Members in the notice and disbursement processes, and disbursing Settlement Payments, the Fee Award, and the Service Award.

c. The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed under this Section and be final. Defendant shall have no obligation to make further payments into the Settlement Fund, and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund.

d. The Court may require changes to the method of allocation to Settlement Class Members without invalidating this Settlement Agreement, provided that the other material terms of the Settlement Agreement are not altered, including but not limited to the scope of the Release, the scope of the Settlement Class, and the amount of the Settlement Fund.

DocuSign Envelope ID: 0DA9B426-2E4F-498F-B69F-6DF9BD78D224

76. Each participating Settlement Class Member, including the Class Representative, shall be entitled to a payment of an equal *pro rata* share of the Settlement Fund after Court-approved Administrative Fees paid to the Settlement Administrator, a Fee Award to Class Counsel, and a Service Award to the Class Representative are deducted. Thus, each participating Settlement Class Member shall receive the same amount of the Settlement Fund as each other participating Settlement Class Member.

77. To participate in the Settlement and make a recovery, Settlement Class Members will be required to submit a timely Claim Form.

78. The funds provided by or on behalf of Defendant to the Settlement Administrator will be maintained by an escrow agent as a Court-approved Qualified Settlement Fund and shall be deposited in an FDIC insured interest-bearing account created and controlled by the Settlement Administrator.

79. Any amount of the Settlement Fund remaining as a result of uncashed checks shall be sent to a *cy pres* agreed upon by the Parties.

80. If the Settlement Agreement is not finally approved, the Settlement Fund shall revert to Defendant and/or its insurer(s), per its *pro rata* contributions, less any Administrative Fees paid to date. Plaintiff shall have no financial responsibility for any Administrative Fees paid out of the Settlement Fund in the event that the Settlement Agreement is not finally approved.

81. The Settlement Administrator shall be responsible for making all reporting and filings with respect to amounts payable to participating Settlement Class Members required pursuant to any federal, state, or local tax law or regulation hereunder under the EIN of the escrow account. The Settlement Administrator shall also be responsible for filing and sending Form 1099s to any applicable recipient of a payment from the Settlement Fund, to the extent required and

DocuSign Envelope ID: 0DA9B426-2E4F-498F-B69E-6DF9BD78D224

permitted by applicable law.

82. Plaintiff and all other participating Settlement Class Members will be solely responsible for all taxes, interest, penalties, or other amounts due with respect to any payment received pursuant to the Settlement. Defendant makes no representation to the Named Plaintiff, Settlement Class Members, or Class Counsel as to the tax liability, if any, on the Settlement payments, and they shall be fully and solely responsible for all tax liabilities with respect to the share of the Settlement Fund they receive.

## F. PLAN OF SETTLEMENT ADMINISTRATION AND NOTICE TO CLASS

83. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement Agreement.

84. At no time shall any of the Parties or their counsel: (a) discourage any Settlement Class Member from participating in the Settlement; or (b) encourage any Settlement Class Member to object to the Settlement Agreement or opt out of the Settlement Agreement.

85. The Parties agree that only Nextep Systems, Inc. will be referenced as a defendant in the Notice, and the Parties agree to jointly request that Wow Bao allow posting at all Wow Bao restaurants in Illinois. In addition to posting at Wow Bao restaurants, publication of the Notice will be by:

    a. *Internet Notice*: The Settlement Administrator will develop, host, administer, and maintain the Settlement Website containing the Notice with a call center and live operators. The Settlement Administrator will be identified as the primary contact for inquiries and Class Members will be directed to contact the Settlement Administrator with all communications regarding the settlement;

    b. *Targeted Advertising*: The Settlement Administrator may place targeted advertisements on the leading business social platforms (*e.g.,* LinkedIn), the top social media platforms (*e.g.,* Facebook), the largest digital networks (*e.g.,* Google), programmatic partners, and any other appropriate platforms reasonably targeted at

members of the Settlement Class, which shall direct them to the Settlement Website; and/or

    c. ***Print Publication***: The Settlement Administrator may provide print publication notice by placing a one-time eighth of a page summary publication notice in some or all appropriate newspapers circulating in Illinois including, but not necessarily limited to: Arlington Daily Herald, Belleville News Democratic, Bloomington Pantagraph, Champaign News-Gazette, Chicago Sun Times, Chicago Tribune, Northwest Herald, Peoria Journal Star, Rockford Register Star, and/or Springfield State Journal-Register.

86.    Participating Class Members will have the option to complete and mail the Claim Form or fill out and submit a Claim Form on the Settlement Website.

87.    Defendant's Counsel and Class Counsel have the right to make inquiries and receive any information from the Settlement Administrator as is necessary to the administration of the Settlement.

88.    The Notice, which shall be substantially in the form of group Exhibit B attached hereto, shall be used for the purpose of informing Settlement Class Members, prior to the Final Approval Hearing, that there is a pending Settlement, and to further inform Settlement Class Members how they may: (i) participate in the Settlement; (ii) protect their rights regarding the Settlement; (iii) request exclusion from the Settlement Class and the proposed Settlement, if desired; (iv) object to any aspect of the proposed Settlement, if desired; and (v) participate in the Final Approval Hearing, if desired. The Notice shall make clear the binding effect of the Settlement on all persons who do not timely request exclusion from the Settlement Class.

89.    **Exclusions.**

    a.    Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline.

    b.    Settlement Class Members who want to be excluded from the Settlement will have up to and including forty-five (45) calendar days after the Notice Date to exclude themselves from the Settlement.

c.  In order to exercise the right to be excluded, a Settlement Class Member must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, and telephone number; the name and number of this case; a statement that he/she wishes to be excluded from the Settlement; and a signature. A request to be excluded that is sent to an address other than that designated in the Notice, or that is not postmarked on or before the Objection/Exclusion Deadline, shall be invalid, and the person serving such a request shall be considered a member of the Settlement Class and shall be bound by the Settlement Agreement, if approved. The Settlement Administrator shall also create a dedicated e-mail address to receive exclusion requests electronically, which must be received on or before the Objection/Exclusion Deadline to be valid.

d.  The request for exclusion must be personally signed, written or electronically, by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be permitted.

e.  No person shall have any claim against Defendant, Defendant's Counsel, Plaintiff, Class Counsel, or the Settlement Administrator based on any claim that a request for exclusion was not received in a timely manner.

f.  Any Settlement Class Member who elects to be excluded shall not: (i) be bound by any order or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. A Settlement Class Member who requests to be excluded from the Settlement Class cannot also object to the Settlement Agreement.

g.  If the Settlement Agreement receives final Court approval, all Settlement Class Members who have not opted out by the Objection/Exclusion Deadline will be bound by the Settlement Agreement and will be deemed a Releasor as defined herein, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged in the Action.

90.  **Objections.**

a.  Settlement Class Members may object to the Settlement by following the instructions on the Notice. To object to the Settlement or any terms of it, the person making the objection must be a member of the Settlement Class, must not have requested to be excluded from the Settlement, and must file a timely written statement of objection with the Court, and mail a copy of that objection with the requisite postmark to the Settlement Administrator, Class Counsel, and Defendant's Counsel no later than the Objection/Exclusion Deadline. The notice of objection must state the case name and number; the basis for and an explanation of the objection; the name, address, telephone number, and email address of the Settlement Class

Member making the objection; a list of any other objections filed; a statement of whether he or she is represented by counsel and, if so, a list of all objections filed by that counsel; and a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing with or without counsel. In addition, any objection must be personally signed by the Settlement Class Member. Any objection that does not meet the requirements of this paragraph shall not be considered by the Court, unless otherwise ordered by the Court.

b.    If any objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may seek to call to testify at the Final Approval Hearing and all exhibits he/she intends to seek to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

c.    Settlement Class Members who fail to file and serve timely and proper written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The Parties may file a response to any objections no later than seven (7) calendar days before the Final Approval Hearing.

91.    Within three (3) business days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a written list and copies thereof reflecting all timely and valid exclusions from the Settlement.

## G.    SETTLEMENT ADMINISTRATOR'S DUTIES

92.    The Settlement Administrator shall disseminate Notice as provided for herein. The Notice will include Class Counsel and their contact information. The Notice will identify the Settlement Administrator as the primary contact for inquiries and will direct Class Members to contact the Settlement Administrator with all communications regarding the Settlement.

93.    The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request.

94.     The Settlement Administrator shall provide bi-weekly reports to Class Counsel and Defendant's Counsel with information concerning Notice, the number of Claim Forms submitted, number of Approved Claims, number of requests for exclusion, number of checks not cashed and/or negotiated, and administration and implementation of the Settlement.

95.     The Settlement Administrator shall receive requests for exclusion from persons in the Settlement Class and provide to Class Counsel and Defendant's Counsel a copy thereof within three (3) business days after the Objection/Exclusion Deadline. If the Settlement Administrator receives any requests for exclusion or other requests from Settlement Class Members after the deadline for the submission of requests for exclusion, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

96.     The Settlement Administrator shall create, launch, and maintain the Settlement Website.

97.     The Settlement Administrator shall make the payments to participating Class Members from the Settlement Fund by check and mail them to Settlement Class Members within twenty-eight (28) calendar days after the Effective Date.

### H.     MOTION FOR FINAL APPROVAL OF SETTLEMENT AND FEE PETITION

98.     No later than seven (7) calendar days before the Final Approval Hearing, or by some other date as directed by the Court, Plaintiff will file an unopposed motion for final approval of the Settlement Agreement, and Class Counsel will file an unopposed Fee Petition seeking approval of the award of attorneys' fees and litigation costs relating to their representation of the Settlement Class in the amount agreed by the Parties as provided herein.

99.     Class Counsel's Fee Petition shall seek: (a) an award of attorneys' fees not to exceed 35% of the Settlement Fund, or $215,617.50, plus reasonable litigation costs relating to

DocuSign Envelope ID: 0DA9D426-2E4F-498F-B69F-6DF9BD78D224

their representation of Plaintiff and the Settlement Class Members; (b) an award for Administrative

Fees in an amount to be determined; and (c) a Service Award to the Plaintiff, not to exceed

$10,000, as payment for her efforts on behalf of the Class, including assisting Class Counsel with

the prosecution of the Action. Defendant will not oppose Class Counsel's application so long as it

is consistent with the provisions of this Settlement Agreement. The amounts approved by the Court

will be deducted from the Settlement Fund and the remaining amount shall be distributed to the

participating Settlement Class in accordance with this Settlement Agreement.

100. At the Final Approval Hearing, the Parties will ask the Court to (a) grant final

approval of the Settlement Agreement as fair, reasonable and adequate, and entered into in good

faith and without collusion; (b) grant final certification of the Settlement Class pursuant to Rule

23 of the Federal Rules of Civil Procedure; (c) consider any properly-submitted objections; and

(d) approve the amounts allocated for the Fee Award, the Administrative Fees, and the Service

Award to Plaintiff. Class Counsel shall present the Court with a proposed Final Approval Order

and Final Judgment to accomplish that purpose.

101. If the Court's non-approval of any material condition of this Settlement Agreement

effects a fundamental change to the terms of the Settlement hereunder, the entire Settlement

Agreement will be voidable and unenforceable at the election of either Party. In the event either

Party elects to deem the Settlement Agreement void and unenforceable, the Parties will return to

the *status quo ante*.

102. Notwithstanding any contrary provision of this Settlement Agreement, the Court's

consideration of the Fee Award is to be conducted separately from the Court's consideration of

the fairness, reasonableness, and adequacy of the Settlement Agreement, and so long as the award

made by the Court with respect to Class Counsel's attorneys' fees, or any proceedings incident

DocuSign Envelope ID: 0DA9D426-2E4F-498F-B69F-6DF9BD78D224

thereto, including any appeal thereof, does not exceed 35% of the Settlement Fund plus litigation expenses, it shall not operate to terminate or cancel this Settlement Agreement or be deemed material thereto, nor shall it give rise to any right of Plaintiff or Class Counsel to elect termination of this Agreement.

### I.   SETTLEMENT PAYMENTS

103.    Participating Settlement Class Members shall have until the Claims Deadline to submit Claim Forms. Each Settlement Class Member, including the Named Plaintiff, who submits an Approved Claim shall be entitled to a Settlement Payment. The Settlement Administrator shall send Settlement Payments via First Class U.S. Mail to the address provided on the Approved Claim Form.

104.    Within fourteen (14) calendar days after the Claims Deadline, the Settlement Administrator shall complete the processing of all Claim Forms submitted by Settlement Class Members and shall determine which claims are valid and initially approved and which claims are initially rejected. The Settlement Administrator may request additional information prior to initially accepting or rejecting any Claim Form submitted. The Settlement Administrator shall employ reasonable procedures to screen Claim Forms for abuse and/or fraud.

105.    Within fourteen (14) calendar days of the Claims Deadline, the Settlement Administrator will submit to Counsel for the Parties a report listing all initially approved and initially rejected claims.

106.    Counsel for the Parties shall have fourteen (14) calendar days after the date they receive the report listing the initially approved and initially rejected claims to audit and challenge any initially approved or initially rejected claims. Counsel for the Parties shall meet and confer in an effort to resolve any disputes or disagreements over any initially approved or rejected claims.

DocuSign Envelope ID: 0DA9B426-2E4F-498F-B69F-6DF9BD78D224

The Settlement Administrator shall have the sole and final authority for determining if Settlement Class Members' Claims Forms are complete, timely, and accepted as Approved Claims.

107.    The Settlement Administrator shall send each participating Settlement Class Member with an Approved Claim a Settlement Payment within twenty-eight (28) calendar days after the Effective Date. All Settlement Payments will state on the face of the check that the check will expire and become null and void unless cashed or negotiated within ninety (90) calendar days after the date of issuance.

108.    The Settlement Payments will not be subject to any withholdings, and the Settlement Administrator, to the extent required and permitted by applicable law, shall issue participating Class Members an IRS Form 1099 (marked "Other Income"). Class Members acknowledge that the Settlement Administrator must report to the IRS (as well as state and local taxing authorities where applicable) the payment made to them under this Settlement Agreement and that it is each participating Class Member's individual responsibility to make tax payments on these amounts, if applicable.

109.    To the extent that a check issued to Settlement Class Members is not cashed or negotiated within forty-five (45) days after the date of issuance, the Settlement Administrator will confirm and/or obtain a valid mailing address and will send a reminder postcard to the affected participating Settlement Class Member. To the extent the check remains uncashed or has not been negotiated within ninety (90) calendar days after the date of issuance, the check will be void. Uncashed checks will be distributed to a *cy pres* selected by the Parties and approved by the Court within ten (10) business days of the expiration of the 90-day period.

110.    Settlement Class Members may request replacement checks within the ninety (90) calendar day period after initial issuance, but such checks will not extend the ninety (90) calendar

day check cashing period from the date checks were originally issued.

111.     The Settlement Administrator shall issue the Service Award to the Named Plaintiff in the amount of $10,000, if approved by the Court, within twenty-eight (28) calendar days after the Effective Date. The Service Award shall be paid in the form of one check made payable to Plaintiff. This payment is not subject to any withholdings, and the Settlement Administrator shall issue Plaintiff, to the extent required and permitted by applicable law, an IRS Form 1099 (marked "Other Income"). The Named Plaintiff acknowledges the Settlement Administrator must report to the IRS (as well as state and local taxing authorities where applicable) the payment made to her under this provision and that it is her individual responsibility to make tax payments on this amount, if applicable.

112.     Class Counsel shall provide the Settlement Administrator with its completed W-9 before the payment of the Fee Award is due. Within three (3) calendar days after the Effective Date, the Settlement Administrator shall pay Class Counsel from the Settlement Fund the amount awarded by the Court in the Fee Award. Any payment of the Fee Award shall be paid via electronic wire transfer to an account designated by Class Counsel.

113.     Any Class Member whose Settlement Payment is not cashed and/or negotiated by the end of the expiration period will be deemed to have waived irrevocably any right or claim to his or her payment from the Settlement, but the Settlement Agreement will nonetheless be binding upon the Class Member.

114.     In no event shall any uncashed checks revert back to Defendant.

**J.     PROSPECTIVE RELIEF**

115.     Defendant has provided a declaration confirming the kiosks at issue were not used in Illinois after 2017. Defendant agrees to delete and cease retaining, within a reasonable time, but

no later than 90 days, after the full execution and approval of the settlement agreement, any customer data received from the Wow Bao kiosks, provided Plaintiff and the defendants in the *Wow Bao* matter stipulate and agree that such destruction will not constitute spoliation or otherwise violate any contractual, legal, or equitable obligation to store or maintain such data, including because such data has been produced to Plaintiff in the *Wow Bao* litigation. Nextep's counsel will provide Plaintiff's counsel a confirmation email once done.

## K.    RELEASE

116.    In addition to the effect of the Final Judgment entered in accordance with this Settlement Agreement, upon the Effective Date, and for other valuable consideration as described herein, the Released Parties shall be fully, finally, and completely released, relinquished, acquitted, and forever discharged from any and all Released Claims.

## L.    TERMINATION OF THE SETTLEMENT

117.    The Settlement Agreement may be terminated and cancelled, at the sole and exclusive discretion of Defendant, if more than 26 of the Settlement Class Members timely and validly exclude themselves from the Settlement. Additionally, any Party may elect to terminate and cancel this Settlement Agreement within ten (10) calendar days of any of the following events:

    a.    This Settlement Agreement is changed in any material respect to which the Parties have not agreed in writing;

    b.    The Court refuses to grant Preliminary Approval of this Settlement Agreement even after the renegotiation process described herein;

    c.    The Court refuses to grant Final Approval of this Settlement Agreement in any material respect;

    d.    The Court refuses to enter a Final Judgment in this Action in any material respect; or

    e.    any other ground for termination provided for elsewhere in this Agreement.

118.     In the event the Settlement Agreement is not approved or does not become final, or is terminated consistent with this Settlement Agreement, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Action, subject to Court approval. In the event of a termination as provided for herein, the Party electing to terminate the Settlement Agreement shall be responsible for any invoices or other fees or expenses mentioned in this Agreement that have been incurred and are due to be paid from the Settlement Fund to the Settlement Administrator.

## M.     MISCELLANEOUS REPRESENTATIONS

119.     Regarding written discovery requests, subpoenas, and motions to compel directed to Nextep as a third party to the *Wow Bao* litigation (the "third-party discovery"), the Parties stipulate and agree:

   a.  Plaintiff will not seek enforcement of the pending third-party subpoena issued to Nextep other than as expressly stated herein;

   b.  Plaintiff will not re-issue, re-serve, re-file, or re-notice for hearing any of the third-party discovery previously issued, in whole or in part, unless to enforce the production of the agreed-upon Source Code;

   c.  Nextep will produce for inspection only a backup copy of the source code implementing Luxand FaceSDK V6, which is the source code for the previous order recall feature at issue (the "Source Code");

   d.  The production for inspection of the Source Code will be made pursuant to the protective orders in both cases, except the Parties will agree to heightened protection of attorneys' and expert's eyes only;

   e.  Plaintiff will be allowed to have one previously-identified expert (Bryan Plummer, a Boston University professor) and Plaintiff's attorneys of record in the *Wow Bao* matter (the "Inspectors") inspect the Source Code on a secure laptop provided at a location chosen by Defendant in Michigan. The inspection must be completed in no more than six (6) hours in a single day and will be scheduled on a mutually agreeable date and time;

f.  At all times, the Inspectors' inspection of the Source Code will be monitored by Nextep and its counsel;

g.  The Inspectors agree not to modify, alter, copy, or duplicate in any way the Source Code and agree they may not make any connections to or from the secure laptop provided for inspection of the Source Code. However, Nextep will provide a keyboard, mouse, and mouse pad for Plaintiff's expert to use;

h.  The Inspectors agree not to use or disclose the Source Code, in whole or in part, or any information gained from it except for purposes of the *Wow Bao* litigation;

i.  The Inspectors agree they will mark confidential, subject to the protective orders, any notes and any filings that reference the Source Code in any way and will make any such filing only under seal as permitted by the protective orders and the rules of the applicable court; and

j.  Plaintiff and her counsel and expert agree that (a) any use or disclosure of the Source Code in violation of this Settlement Agreement satisfies the elements for the filing of a temporary restraining order and permanent injunction against the violating party; and (b) the Source Code is highly confidential, such that improper use or disclosure thereof is a basis for damages in a breach of contract action.

120.    The Parties agree that the Settlement Agreement provides fair, equitable, and just compensation for the Settlement Class Members related to the Released Claims.

121.    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement, and (b) agree, subject to their fiduciary and other legal obligations, to cooperate in good faith to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with each other in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain Final Approval of the Settlement Agreement.

122.    The Parties intend this Settlement Agreement to be a final and complete resolution

DocuSign Envelope ID: 0DA9B426-2E4F-498F-B69F-6DF9BD78D224

of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class and other Releasors, and each or any of them, on the one hand, against the Released Parties, on the other hand.

123.    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement, including its exhibits, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

124.    Paragraph titles and headings are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

125.    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Settlement Agreement.

126.    This Settlement Agreement and its exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

127.    This Settlement Agreement may not be amended, modified, altered, or otherwise changed in any material manner except by a written instrument signed by or on behalf of all Parties

or their respective successors-in-interest.

128.    The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Settlement Agreement.

129.    The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claims, causes of actions, demands, rights, and liabilities of every nature and description released under this Settlement Agreement.

130.    Each Party represents that it has obtained the requisite authority to enter this Settlement Agreement in a manner that binds such Party to its terms.

131.    Defendant denies all charges of wrongdoing or liability of any kind whatsoever that Plaintiff or Settlement Class Members have asserted in this Litigation.

132.    The Parties specifically acknowledge, agree, and admit this Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any other equivalent or similar rule of evidence, and shall not (a) constitute, be construed, be offered, or received into evidence as an admission of any kind, including but not limited to any negligent, reckless or illegal action or omission or other wrongdoing, the appropriateness of class certification, the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Action, the *Wow Bao* litigation, the Subpoena Enforcement Action, or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (b) be used to establish a waiver of any

DocuSign Envelope ID: 0DA9B426-2E4F-498F-B69F-6DF9BD78D224

defense or right, or to establish or contest jurisdiction or venue.

133. The provisions of this Settlement Agreement, and any orders, pleadings, or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely (a) to enforce the terms and provisions hereof or thereof, (b) as may be specifically authorized by a court of competent jurisdiction after an adversarial hearing upon application of a Party hereto, (c) in order to establish payment hereunder, or an affirmative defense of preclusion or bar in a subsequent case, (d) in connection with any motion to enjoin, stay, or dismiss any other action, or (e) to obtain Court approval and/or the enforcement of the Settlement Agreement.

134. This Settlement Agreement may be executed in one or more counterparts by facsimile or other electronic means, including DocuSign and/or portable document format (PDF), and exchanged by hand, messenger, or PDF as an electronic mail attachment, and any such signature exchanged shall be deemed an original signature for purposes of this Settlement Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Settlement Agreement all exchange signed counterparts.

135. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois. The Court shall retain jurisdiction over the interpretation, implementation, and enforcement of this Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Settlement Agreement and of the settlement contemplated thereby. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Settlement Agreement, if they cannot be resolved by the Parties in the first instance, shall be presented by motion to the Court. The Parties agree that the Court shall retain jurisdiction for enforcement of the Settlement Agreement.

136. This Settlement Agreement is deemed to have been prepared by Counsel for the Parties as a result of arms-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement and its exhibits, it shall not be construed more strictly against one Party than another.

137. Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

To Class Counsel:

Ryan F. Stephan
James B. Zouras
Andrew Ficzko
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com

To Defendant's Counsel:

Catrina Celeste Creswell
Kabat Chapman & Ozmer LLP
171 17th Street NW, Suite 1550
Atlanta, GA 30363
ccreswell@kcozlaw.com

138. This Settlement Agreement shall be deemed executed as of the date that the last party signatory signs the Settlement Agreement.

IN WITNESS WHEREOF, the undersigned duly executed this Settlement Agreement as of the date indicated below:

**REGINA MORRIS**

By: _____

REGINA MORRIS, Plaintiff

Date: 2/9/2023
_____

**NEXTEP SYSTEMS, INC.**

By: *David L. Green*
_____

Name: David L. Green
_____

Title: Corporate Secretary
_____

Date: 2/13/2023
_____

PL

33

# EXHIBIT A

## CLAIM FORM

*Morris v. Nextep Systems, Inc.,* 1:21-cv-02404 (N.D. Ill.)

**Instructions.** *Fill out each section of this form and sign where indicated.*

**THIS CLAIM FORM MUST BE COMPLETED AND MAILED TO THE SETTLEMENT ADMINISTRATOR OR FILLED OUT AND SUBMITTED ON THE SETTLEMENT WEBSITE BY XX.**

| First Name | Last Name | |
|---|---|---|
| **Street Address** | | |
| **City** | **State** | **ZIP Code** |
| **Email Address** | | |
| **Contact Phone #** (You may be contacted if further information is required.) | | |

**Class Member Affirmation**: By submitting this Claim Form, I declare that I am a member of the Settlement Class, and that the following information is true and correct:

I was a Wow Bao customer who used facial recognition at a self-ordering kiosk at a Wow Bao restaurant in the State of Illinois, including, but not necessarily limited to the following locations, (1) 835 North Michigan Avenue, (2) 1 West Wacker Drive, and/or (3) 225 North Michigan Avenue, between March 9, 2016, and [DATE OF PRELIMINARY APPROVAL].

Signature: _____     Date: ____ - ____ - ____

(MM-DD-YY)

Printed Name: _____

Settlement Administrator's Information Here
XX
XX
[phone #]

*For more information, visit www.XX.com.*
*Para informacion en Espanol, visitar www.XX.com.*

# EXHIBIT B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Morris v. Nextep Systems, Inc.*, Case No. 1:21-cv-02404
(U.S. District Court for the Northern District of Illinois)

*For more information, visit www.XX.com.*
*Para informacion en Espanol, visitar www.XX.com.*

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU USED FACIAL RECOGNITION AT AN ORDERING KIOSK SOLD BY NEXTEP SYSTEMS, INC. AT A WOW BAO RESTAURANT IN THE STATE OF ILLINOIS, INCLUDING BUT NOT NECESSARILY LIMITED TO, (1) 835 NORTH MICHIGAN AVENUE, (2) 1 WEST WACKER DRIVE, AND/OR (3) 225 NORTH MICHIGAN AVENUE, BETWEEN MARCH 9, 2016, AND [DATE OF PRELIMINARY APPROVAL].**

*A federal court authorized this notice of a proposed class action settlement. This is <u>not</u> a solicitation from a lawyer and is <u>not</u> notice of a lawsuit against you.*

**WHAT IS THIS NOTICE ABOUT?**

- This notice is to inform you that a proposed settlement has been reached in a class action lawsuit between Nextep Systems, Inc. ("Nextep") and individuals who used facial recognition at an ordering kiosk at a Wow Bao restaurant in the State of Illinois from March 9, 2016, and [DATE OF PRELIMINARY APPROVAL]. The lawsuit alleges that Nextep violated an Illinois law called the Illinois Biometric Information Privacy Act ("BIPA") when it allegedly obtained and stored Wow Bao customers' biometric identifiers (*i.e.,* face geometry) and/or biometric information (collectively referred to herein as "biometric data") when Wow Bao customers used Nextep branded facial recognition self-order kiosks, allegedly without complying with the law's requirements. The case is *Morris v. Nextep Systems, Inc.*, Case No. 1:21-cv-02404, currently pending in the United States District Court for the Northern District of Illinois, Eastern Division. The proposed Settlement is not an admission of wrongdoing by Nextep, and Nextep denies that it violated the law. The Court has not decided who is right or wrong. Rather, to avoid the time, expense, and uncertainty of litigation, the Parties have agreed to settle the lawsuit. The Settlement has been preliminarily approved by a court in Chicago, Illinois.

- You are included in the Settlement if you used facial recognition at an ordering kiosk sold by Nextep Systems, Inc. at a Wow Bao restaurant in the State of Illinois, including, but not necessarily limited to, (1) 835 North Michigan Avenue, (2) 1 West Wacker Drive, and/or (3) 225 North Michigan Avenue, between March 9, 2016, and [DATE OF PRELIMINARY APPROVAL].

- If the Court approves the Settlement, members of the Class who submit a valid Claim Form will receive an equal, or *pro rata*, share of the $616,050.00 Settlement Fund. Each individual who submits a valid Claim Form will receive a portion of the Settlement Fund, after all notice and administration costs, the incentive award, and attorneys' fees—if approved by the Court—have been paid. Payments are estimated to be $450, before the payment of settlement expenses,

By Order of: Hon. Steven C. Seeger, U.S. District Court for the Northern District of Illinois, Eastern Division
Page 1 of 8

*QUESTIONS? VISIT www.XX.com OR CALL TOLL FREE XX*

attorneys' fees, and any incentive award to the named plaintiff in the litigation, upon approval by the Court. Payments could be more or less depending on the number of valid Claim Forms submitted.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **DO NOTHING** | You will receive no payment under the Settlement, and you will give up your rights to sue Nextep about the issues in this case. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Nextep about the issues in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak to the Court about the fairness of the Settlement. |

These rights and options—and the deadlines to exercise them—are explained in this notice.

The Court in charge of this case still has to decide whether to grant final approval of the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

## WHAT IS THIS LAWSUIT ABOUT?

This lawsuit alleges the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*., prohibits private companies from capturing, obtaining, storing, transferring, and/or using the biometric identifiers and/or biometric information of an individual for any purpose, without first providing such individual with written notice and obtaining a written release. This lawsuit alleges that Nextep violated BIPA by allegedly obtaining and storing Wow Bao customers' biometric data when the Wow Bao customer used a Nextep branded facial recognition self-order kiosk at a Wow Bao restaurant in the State of Illinois, without first providing written notice or obtaining a written release. Nextep contests these claims and denies that it violated BIPA.

More information about the Class Action Complaint and Nextep's position can be found in the "Court Documents" section of the settlement website.

*QUESTIONS? VISIT www.XX.com OR CALL TOLL FREE XX*

**WHY IS THIS A CLASS ACTION?**

A class action is a lawsuit in which an individual called a "Class Representative" brings a single lawsuit on behalf of other people who have similar claims. All of these people together are a "Class" or "Class Members." Once a Class is certified, a class action Settlement finally approved by the Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**WHY IS THERE A SETTLEMENT?**

To resolve this matter without the expense, delay, and uncertainties of litigation, the Parties have reached a Settlement, which resolves all claims in the case against Nextep and its affiliated entities and individuals. The Settlement requires Nextep to pay money to the Settlement Class, as well as pay certain settlement administration expenses, attorneys' fees and costs to Class Counsel, and an incentive award to the Class Representative, if approved by the Court. The Settlement is not an admission of wrongdoing by Nextep and does not imply that there has been, or would be, any finding that Nextep violated the law.

The Court has already preliminarily approved the Settlement. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the Court overseeing this lawsuit must give final approval to the Settlement before it can be effective. The Court has preliminarily certified the Settlement Class for settlement purposes only, so that members of the Settlement Class can be provided this notice and the opportunity to exclude themselves from the Settlement Class, to voice their support or opposition to final approval of the Settlement, and to submit a Claim Form to receive the relief offered by the Settlement. If the Court does not enter a Final Approval Order approving the Settlement, or if the Settlement Agreement is terminated by the Parties, the Settlement will be void, and the lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

**WHO IS IN THE SETTLEMENT CLASS?**

If you used facial recognition on a Nextep branded self-ordering kiosk at a Wow Bao restaurant in the State of Illinois, including, but not necessarily limited to the following locations: (1) 835 North Michigan Avenue, (2) 1 West Wacker Drive, and/or (3) 225 North Michigan Avenue, between March 9, 2016, and [DATE OF PRELIMINARY APPROVAL], you may be a Class Member and may submit a Claim Form for a cash payment.

Excluded from the Settlement Class are: (1) the Court and members of their families; (2) persons who properly execute and submit a timely request for exclusion from the Class; and (3) individuals whose claims in this matter have been finally adjudicated on the merits or otherwise released.

## THE SETTLEMENT BENEFITS

**WHAT DOES THE SETTLEMENT PROVIDE?**

**Cash Payments.** If you're eligible, you can submit a Claim Form to receive a cash payment. The amount of such payment is estimated to be approximately $450 but is unknown at this time and could be more or less depending on the number of valid Claim Forms submitted. This is an equal share of the $616,050.00

By Order of: Hon. Steven C. Seeger, U.S. District Court for the Northern District of Illinois, Eastern Division
Page 3 of 8

*QUESTIONS? VISIT www.XX.com OR CALL TOLL FREE XX*

Settlement Fund, before the payment of settlement expenses, attorneys' fees, and any incentive award for the named plaintiff in the litigation, upon approval by the Court.

**Prospective Relief.** As provided for in the Settlement Agreement, Nextep has confirmed the facial recognition self-ordering kiosks at issue have not been used in Illinois since 2017, and agrees to delete and cease retaining, within a reasonable time, but no later than 90 days, after the full execution and approval of the Settlement Agreement, any Wow Bao customer data it received from the facial recognition kiosks previously used at Wow Bao restaurants in the State of Illinois.

## HOW TO GET BENEFITS

### HOW DO I GET A PAYMENT?

If you are a Settlement Class Member and you want to get settlement benefits, you must complete and submit a valid Claim Form by XX. The Claim Form can be filled out and submitted online. You can also download a Claim Form from the website, or you can also call XX to request an additional paper copy of the Claim Form. All Claim Forms must be postmarked, if mailed, or submitted on the Settlement Website by XX to be considered timely. We encourage you to submit a claim online. It's faster.

The Claim Form requires you to provide the following information: (i) full name, (ii) current U.S. Mail address, and (iii) current contact telephone number and email address.

### WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

Unless you exclude yourself from this Settlement, you will be considered a member of the Settlement Class, which means you give up your right to file or continue a lawsuit against Nextep or certain related entities and individuals, as described in more detail in the Settlement Agreement, relating to its alleged obtainment and storage of the biometric data of Wow Bao customers who used a Nextep branded facial recognition kiosk at a Wow Bao restaurant. Giving up your legal claims is called a release. The precise terms of the release are in the Settlement Agreement, which is available on the Settlement Website. Unless you formally exclude yourself from this Settlement, you will release your claims whether or not you submit a Claim Form and receive payment. If you have any questions, you can talk for free to the Settlement Administrator identified below, or you are welcome to talk to any lawyer of your choosing at your own expense.

### WHEN WILL I BE PAID?

The remote telephonic hearing to consider the fairness of the Settlement is scheduled for XX using the call-in number of XX and access code XX. If the Court approves the Settlement, Settlement Class Members whose claims were approved by the Settlement Administrator will be sent a check. Please be patient. All checks will expire and become void 90 days after they are issued. Uncashed checks will be donated to a not-for-profit entity agreed to by the Parties and approved by the Court, or such other organization as the Court may order consistent with the Illinois statutory requirements for *cy pres* recipients.

*QUESTIONS? VISIT www.XX.com OR CALL TOLL FREE XX*

## THE LAWYERS REPRESENTING YOU

**DO I HAVE A LAWYER?**

Yes, the Court has appointed lawyers of Stephan Zouras LLP to represent you and other Class Members. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiff Regina Morris to serve as the Class Representative. She is a Class Member like you.

**SHOULD I GET MY OWN LAWYER?**

You don't need to hire your own lawyer because Class Counsel is working on your behalf. You may hire your own lawyer, but if you want your own lawyer, you will have to pay that lawyer.

**HOW WILL THE LAWYERS BE PAID?**

Class Counsel will ask the Court for attorneys' fees of up to 35% of the Settlement Fund and their out-of-pocket costs and will also request an incentive award of $10,000.00 for the Class Representative from the Settlement Fund. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representative. The Court may award less than the amounts requested.

## YOUR RIGHTS AND OPTIONS

**WHAT ARE MY OPTIONS?**

**(1)   Accept the Settlement**.

To accept the Settlement, you must submit a Claim Form by XX. You may obtain a copy of the Claim Form on the Settlement Website, and you may submit your Claim Form online too, or by U.S. Mail to the Settlement Administrator at XX. If the Settlement is approved and your Claim Form is deemed valid, a check will be mailed to you. ***Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement and is the only thing you need to do to receive a payment***.

**(2)   Exclude yourself**.

You may exclude yourself from the Settlement. If you exclude yourself, you won't get a payment, but you will not release any claims you may have against Nextep and the other Released Parties (as that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have by pursuing your own lawsuit against Nextep and the other Released Parties at your own risk and expense. All exclusion requests must (a) be in writing; (b) identify the case name *Morris v. Nextep Systems, Inc.,* 1:21-cv-02404 (N.D. Ill.); (c) state your full name, current address, and telephone number; (d) include a statement that you wish to be excluded from the Settlement; (e) include your signature; and (f) be postmarked or received by the Settlement Administrator on or before XX. Each request for exclusion must contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Morris v. Nextep Systems, Inc.*, 1:21-cv-02404 (N.D. Ill.)." You must mail or e-mail your exclusion request no later than the Objection/Exclusion Deadline of XX to:

By Order of: Hon. Steven C. Seeger, U.S. District Court for the Northern District of Illinois, Eastern Division
Page 5 of 8

*QUESTIONS? VISIT www.XX.com OR CALL TOLL FREE XX*

Morris v. Nextep Systems, Inc.

XX
XX
XX
XX.com

No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

**(3)    Object to the Settlement**.

If you wish to object to the Settlement, you must file a statement or brief in writing with the Clerk of the Court of the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. The objection must be filed with the Court no later than XX. You must also mail a copy of your objection to the attorneys for all Parties to the lawsuit, including Class Counsel (Ryan F. Stephan of Stephan Zouras, LLP, 100 N. Riverside Plaza, Suite 2150, Chicago, Illinois 60606), Defendant's counsel (Catrina Celeste Creswell of Kabat Chapman & Ozmer LLP, 171 17th Street NW, Suite 1550, Atlanta, GA 30363), as well as the Settlement Administrator (XX) no later than XX. Any objection to the proposed Settlement must include (a) your full name, current address, telephone number, and email address, (b) the basis for and an explanation for your objection, (c) the case name and number, (d) a list of any other objections filed, (e) a statement of whether you are represented by counsel and, if so, a list of all objections filed by that counsel, (f) a statement of whether you intend to appear at the Final Approval Hearing with or without counsel, (g) the identity of any witnesses you may call to testify at the Final Approval Hearing and all exhibits you intend to seek to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, your written objection, and (h) your signature. If you hire an attorney in connection with making an objection, that attorney must also file with the court a notice of appearance by the objection deadline of XX. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

Class Counsel will file with the Court and post on the Settlement Website their request for attorneys' fees, their costs, and an incentive award to the Class Representative.

You may appear at the Final Approval Hearing, which will be held on XX via remote telephonic conference, using the call-in number of XX and access code XX, either in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the entry of the Final Approval Order, the request for attorneys' fees and expenses, and/or the request for the incentive award to the Class Representative are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel and to identify the names of any witnesses they intend to call to testify at the Final Approval Hearing, as well as any exhibits they intend to introduce at the Final Approval Hearing.

**(4)    Do Nothing.**

If you do nothing, you will receive no money from the Settlement Fund, but you will still be bound by all orders and judgments of the Court. Unless you exclude yourself from the Settlement, you will not be able

*QUESTIONS? VISIT www.XX.com OR CALL TOLL FREE XX*

to file or continue a lawsuit against Nextep or other Released Parties regarding any of the Released Claims. ***Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement***.

You can submit a Claim Form, or request exclusion from the Class or file an objection, on the Settlement Website, or call XX.

## THE COURT'S FINAL APPROVAL HEARING

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold the Final Approval Hearing at XX on XX before the Honorable Steven C. Seeger via remote telephonic conference, using call-in number of XX and access code XX. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class, and whether it was made in good faith. **At the Final Approval Hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representative.**

**Note:** The date and time of the Final Approval Hearing are subject to change by Court Order. Directions on attending the Final Approval Hearing and any changes will be posted to the Settlement Website.

### DO I HAVE TO ATTEND THE HEARING?

No. Class Counsel and Nextep's Counsel will answer any questions the Court may have. You are, however, welcome to attend. If you send an objection, you don't have to attend the remote telephonic conference to talk about it. As long as your written objection was filed and mailed on time and meets the other criteria described herein, and in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

### MAY I SPEAK AT THE HEARING?

Yes. If you do not exclude yourself from the Class, you may ask the Court for permission to speak at the Final Approval Hearing concerning any part of the proposed Settlement. If you filed an objection and intend to appear at the Final Approval Hearing, you must state your intention to do so in your objection.

### WHO REPRESENTS THE CLASS?

The Court has approved the following attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer instead, you may hire one at your own expense.

| |
|---|
| Ryan F. Stephan |
| James B. Zouras |
| Andrew C. Ficzko |
| STEPHAN ZOURAS, LLP |
| 100 N. Riverside Plaza, Suite 2150 |

By Order of: Hon. Steven C. Seeger, U.S. District Court for the Northern District of Illinois, Eastern Division
Page 7 of 8

*QUESTIONS? VISIT www.XX.com OR CALL TOLL FREE XX*

Chicago, Illinois 60606
Tel: 312-233-1550
rstephan@stephanzouras.com
jzouras@stephanzouas.com
aficzko@stephanzouras.com

**WHERE CAN I GET ADDITIONAL INFORMATION?**

This Notice is only a summary of the proposed Settlement of this lawsuit. More details are in the Settlement Agreement which, along with other documents, can be obtained on the Settlement Website. If you have any questions, you can call the Settlement Administrator at XX. In addition to the documents available on the Settlement Website, all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk. Please do not call the Judge or the Clerk of the Court about this case. They will not be able to give you advice on your options.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

By Order of: Hon. Steven C. Seeger, U.S. District Court for the Northern District of Illinois, Eastern Division
Page 8 of 8

*QUESTIONS? VISIT www.XX.com OR CALL TOLL FREE XX*

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Morris v. Nextep Systems, Inc.*, Case No. 1:21-cv-02404
(U.S. District Court for the Northern District of Illinois)

**YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU USED FACIAL RECOGNITION AT AN ORDERING KIOSK SOLD BY NEXTEP SYSTEMS, INC. AT A WOW BAO RESTAURANT IN THE STATE OF ILLINOIS, INCLUDING BUT NOT NECESSARILY LIMITED TO, (1) 835 NORTH MICHIGAN AVENUE, (2) 1 WEST WACKER DRIVE, AND/OR (3) 225 NORTH MICHIGAN AVENUE, BETWEEN MARCH 9, 2016, AND [DATE OF PRELIMINARY APPROVAL].**

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

*For more information, visit www.XX.com.*
*Para una notificacion en Espanol, visitar www.XX.com.*

This notice is to inform you that a proposed settlement has been reached in a class action lawsuit between Nextep Systems, Inc. ("Nextep") and individuals who used facial recognition at an ordering kiosk at a Wow Bao restaurant in the State of Illinois from March 9, 2016, and [DATE OF PRELIMINARY APPROVAL]. The lawsuit alleges that Nextep violated an Illinois law called the Illinois Biometric Information Privacy Act ("BIPA") when it allegedly obtained and stored Wow Bao customers' biometric identifiers (*i.e.,* face geometry) and/or biometric information (collectively referred to herein as "biometric data") when Wow Bao customers used Nextep branded facial recognition self-order kiosks, allegedly without complying with the law's requirements. The case is *Morris v. Nextep Systems, Inc.*, Case No. 1:21-cv-02404, currently pending in the United States District Court for the Northern District of Illinois, Eastern Division. The proposed Settlement is not an admission of wrongdoing by Nextep, and Nextep denies that it violated the law. The Court has not decided who is right or wrong. Rather, to avoid the time, expense, and uncertainty of litigation, the Parties have agreed to settle the lawsuit. The Settlement has been preliminarily approved by a court in Chicago, Illinois.

**What Does The Settlement Provide?** If you are eligible, you can submit a claim to receive a cash payment. The amount of such payment is estimated to be approximately $450, but could be more or less depending on the number of valid claims submitted. This amount is an equal share of the $616,050.00 Settlement Fund provided by the Settlement, before the payment of settlement expenses, attorneys' fees, and any incentive award for the named plaintiff in the litigation, upon approval by the Court.

**How Do I Get My Payment?** Just complete and verify the Claim Form attached here or online at www.XX.com. You can also visit www.XX.com and download a Claim Form or you can also call XX to request an additional paper copy of the Claim Form. All Claim Forms must be received by XX.

**What are My Options?** You can complete and submit a Claim Form by XX to receive your share of the Settlement. You can do nothing, comment on or object to any of the settlement terms, or exclude yourself from the settlement. If you do nothing, you won't be able to sue Nextep or certain related companies or individuals in a future lawsuit about the claims addressed in the Settlement.

If you wish to object to the Settlement, you must file a statement or brief in writing with the Clerk of the Court of the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. The objection must be filed with the Court no later than XX. You must also mail a copy of your objection to the attorneys for all Parties to the lawsuit, including Class Counsel (Ryan F. Stephan of STEPHAN ZOURAS, LLP, 100 N. RIVERSIDE PLAZA, SUITE 2150, CHICAGO, ILLINOIS 60606), Defendant's counsel (Catrina Celeste Creswell of Kabat Chapman & Ozmer LLP, 171 17th Street NW, Suite 1550, Atlanta, GA 30363), as well as the Settlement Administrator (XX) no later than XX. Any objection to the proposed Settlement must include (a) your full name, current address, telephone number, and email address, (b) the basis for and an explanation for your objection, (c) the case name and number, (d) a list of any other objections filed, (e) a statement of whether you are represented by counsel and, if so, a list of all objections filed by that counsel, (f) a statement of whether you intend to appear at the Final Approval Hearing with or without counsel, (g) the identity of any witnesses you may call to testify at the Final Approval Hearing and all exhibits you intend to seek to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, your written objection, and (h) your signature. If you hire an attorney in connection with making an objection, that attorney must also file with the court a notice of appearance by the objection deadline of XX. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

If you exclude yourself, you won't get a payment but you'll keep any right you currently have to pursue whatever legal rights you may have against Nextep and the other Released Parties by pursuing your own lawsuit at your own risk and expense. All exclusion requests must (a) be in writing; (b) identify the case name *Morris v. Nextep Systems, Inc.,* 1:21-cv-02404 (N.D. Ill.); (c) state your full name, current address, and telephone number; (d) include a statement that you wish to be excluded from the Settlement; (e) include your signature; and (f) be postmarked or received by the Settlement Administrator on or before XX. Each request for exclusion must contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Morris v. Nextep Systems, Inc.*, 1:21-cv-02404 (N.D. Ill.)." You must mail or e-mail your exclusion request no later than the Objection/Exclusion Deadline of XX to:

Morris v. Nextep Systems, Inc.
c/o XX
XX
XX
XX.com

No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

**Do I Have a Lawyer?** Yes. The Court has appointed lawyers from the law firm Stephan Zouras, LLP as "Class Counsel." They represent you and other Settlement Class Members. The lawyers will request to be paid a percentage from the total amount of the Settlement Fund. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court has also chosen Regina Morris—a Class Member like you—to represent the Settlement Class.

**When Will the Court Approve the Settlement?** The Court will hold a Final Approval Hearing on XX before the Honorable Steven C. Seeger via remote telephonic conference using the the call-in number of XX and access code XX. The Court will hear objections, determine if the settlement is fair, made in good faith, and consider Class Counsel's request for fees and expenses and an incentive award to the Class Representative.

*For more information and for a Claim Form, visit www.XX.com*
*or call XX*

**You may be entitled to a cash payment from a class action settlement if you used facial recognition at a self-ordering kiosk at a Wow Bao restaurant in the State of Illinois between March 9, 2016, and [preliminary approval].**

COURT AUTHORIZED NOTICE OF CLASS ACTION

This notice is to inform you that a proposed settlement has been reached in a class action lawsuit between Nextep Systems, Inc. ("Nextep") and individuals who used facial recognition at an ordering kiosk at a Wow Bao restaurant in the State of Illinois from March 9, 2016, and [DATE OF PRELIMINARY APPROVAL]. The lawsuit alleges that Nextep violated an Illinois law called the Illinois Biometric Information Privacy Act ("BIPA") when it allegedly obtained and stored Wow Bao customers' biometric identifiers (*i.e.*, face geometry) and/or biometric information when Wow Bao customers used Nextep branded facial recognition self-order kiosks, allegedly without complying with the law's requirements. The case is *Morris v. Nextep Systems, Inc.*, Case No. 1:21-cv-02404, currently pending in the U.S. District Court for the Northern District of Illinois, Eastern Division. The proposed Settlement is not an admission of wrongdoing by Nextep, and Nextep denies that it violated the law.

**Am I a Part of the Settlement?** You are an eligible member of the Settlement Class if you used facial recognition on a self-ordering kiosk at a Wow Bao restaurant in the State of Illinois between March 9, 2016, and [DATE OF PRELIMINARY APPROVAL] and submit a valid and timely Claim Form. More information about this Settlement is available online in the detailed web notice at www.[website].com.

**What Does the Settlement Provide?** If you're eligible and the Court approves the Settlement, you must submit a Claim Form to receive a cash payment. The amount of such payment is estimated to be approximately $450 but could fluctuate, depending on the number of valid claims submitted. This amount is an equal share of a $616,050 Settlement Fund, before the payment of settlement expenses, attorneys' fees, and an incentive award in the litigation, subject to approval by the Court.

**How Do I Get My Payment?** Visit the Settlement Website, www.[website].com, and submit a Claim Form online. You can also call [toll-free number] to request a paper copy of the Claim Form. *All Claim Forms must be postmarked or submitted online by [Claims Deadline].*

**What Are My Options?** You can do nothing, comment on or object to any of the settlement terms, or exclude yourself from the Settlement. If you do nothing, you won't be able to sue Nextep or certain related companies and individuals in a future lawsuit about the claims addressed in the Settlement. If you exclude yourself, you won't get a payment, but you'll keep any right you currently have to pursue whatever legal rights you may have at your own risk and expense. You must contact the Settlement Administrator by mail or e-mail to exclude yourself. You can also object to the Settlement if you disagree with any of its terms. All requests for exclusion and objections must be postmarked, received by, and/or filed by [Objection/Exclusion Deadline].

**Do I Have a Lawyer?** Yes. The Court has appointed lawyers from the law firm of Stephan Zouras LLP as "Class Counsel." They represent you and other Settlement Class Members. The lawyers will request to be paid from the Settlement Fund. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court has also chosen Regina Morris—a Class Member like you—to represent the Settlement Class.

**When Will the Court Approve the Settlement?** The Court will hold a final approval hearing on [date] at [time] before the Honorable Steven C. Seeger via telephonic conference, using the call-in number of XX and access code XX. The Court will hear any objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses and an incentive award to the Class Representative.

**Where Can I Get More Information?** This notice is only a brief summary. For more information, visit:
**www.[website].com**