UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINA MORRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXTEP SYSTEMS, INC.,<br><br>Defendant. | Case No. 1:21-cv-2404<br><br>Honorable Steven C. Seeger |

**FINAL APPROVAL ORDER AND JUDGMENT**

This matter coming to be heard on Plaintiff Regina Morris's Unopposed Motion for and Memorandum in Support of Final Approval of Class Action Settlement (the "Motion") and Class Counsel's Unopposed Petition for Approval of Attorneys' Fees, Costs, and Service Award to the Class Representative ("Petition"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:**

1. Unless otherwise noted, all capitalized terms in this Final Approval Order and Judgment (the "Final Approval Order") shall have the same meaning as ascribed to them in the Class Action Settlement Agreement and Release ("Settlement Agreement" or "Settlement") between Plaintiff Regina Morris ("Plaintiff"), for herself individually and on behalf of the Settlement Class, and Defendant Nextep Systems, Inc. ("Defendant" or "Nextep"). Plaintiff and Defendant are each referred to as a "Party" and are collectively referred to herein as the "Parties."

2. This Court has jurisdiction over the subject matter of the Plaintiff's and Class Member's claims pending before it ("Action") and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated September 15, 2023. At that time, the Court preliminary certified a class of the following individuals:

> All individuals, including Named Plaintiff, in the State of Illinois who used facial recognition at an ordering kiosk sold by Nextep at a Wow Bao store, including, but not necessarily limited to (1) 835 North Michigan Avenue, (2) 1 West Wacker Blvd, (3) 225 North Michigan Avenue, from March 9, 2016, through September 15, 2023.

4. Excluded from the Settlement Class are: (1) the Court and members of their families; (2) persons who properly execute and file a timely request for exclusion from the Class; and (3) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies, for settlement purposes only, the Settlement Class.

6. The Court has read and considered the papers filed in support of the Motion and the Petition for entry of the Final Approval Order, including the Settlement Agreement and exhibits thereto and supporting declarations.

7. The Court held a Final Approval Hearing on June 11, 2024, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

8. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval of the Settlement and finds that the Settlement Agreement is fair, adequate,

reasonable, was entered into in good faith and without collusion, and is in the best interest of the Settlement Class in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal. The complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the result of arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case, presided over by the Court, further support this finding.

9. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims against the Released Parties. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

10. The Court hereby finally approves the Settlement Agreement in the total amount of Six Hundred Sixteen Thousand, Fifty Dollars and Zero cents ($616,050.00), consistent with and pursuant to the terms and conditions of the Settlement Agreement.

11. For settlement purposes only, the Court confirms the appointment of Plaintiff Regina Morris as Class Representative of the Settlement Class.

12. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

> Ryan F. Stephan
> James B. Zouras
> Andrew C. Ficzko
> STEPHAN ZOURAS, LLC
> 222 WEST ADAMS STREET, SUITE 2020
> Chicago, Illinois 60606
> Tel: 312-233-1550
> rstephan@stephanzouras.com

jzouras@stephanzouras.com
aficzko@stephanzouras.com

13. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this Action.

14. The Court has determined that the Notices given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to participate in the Action as well as their rights to object to or exclude themselves from the Settlement Class and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

15. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

16. The Court dismisses the Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

17. In this Order:

a. "Released Claims" means Members of the Settlement Class who do not opt out shall release, relinquish, and give up any and all actual, potential, filed, unfiled, known or unknown claims, suits, actions, controversies, demands, and/or causes of action arising under BIPA, at common law, or any other privacy-related statute, relating to use of facial recognition at Wow Bao stores in Illinois from March 9, 2016 to September 15, 2023. Nothing in the release of claims shall operate to release any claims against the defendants in the case of *Morris v. Wow Bao, LLC et al.*, Case No. 17-CH-12029, currently pending in the Circuit Court of Cook County, Illinois.

b. "Released Parties" refers to Nextep Systems, Inc., Global Payments Inc., and all of their parents, subsidiaries, divisions, assigns, predecessors, successors, holding companies, shareholders, principals, owners, members, trustees, administrators, executors, directors, officers, managers, board members, attorneys, insurers, reinsurers, underwriters, and lenders. For the avoidance of doubt Wow Bao, LLC, Wow Bao Franchising, Lettuce Entertain You Enterprises, Inc., as well as their parents, subsidiaries, divisions, assigns, predecessors, successors, holding companies, shareholders, principals, owners, members, trustees, administrators, executors, directors, officers, managers, board members, attorneys, insurers, reinsurers, underwriters, lenders and/or outside vendors, including but not limited to any entity that manufactured, sold, or otherwise provided Nextep Systems, Inc. with any Biometric System at issue in this lawsuit, or any portion thereof, whether software or hardware, are not considered released parties.

c. "Releasor(s)" refers jointly and severally, individually and collectively, to the Named Plaintiff, the Settlement Class Members, and each of their predecessors, successors, beneficiaries, heirs, executors, conservators, administrators, and assigns of each of the foregoing, and anyone claiming by, through or on behalf of them.

18. The Court finally approves the Release provided in the Settlement Agreement. Upon the Effective Date, the Releasors shall be deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged any and all Released Claims against the Released Parties.

19. The Court further adjudges that, upon entry of this Order and as described herein, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members (as none validly and timely excluded themselves from the Settlement) and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. Plaintiff and all Settlement Class Members (as none validly and timely requested exclusion from the Settlement) are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

21. The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of **$215,617.50**, plus out-of-pocket costs of **$6,536.95.** These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of

the Settlement and their request for attorneys' fees, costs, and expenses, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated in good faith at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Notices specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought, and not a single Settlement Class Member objected.

22. The Court approves settlement administration expenses in an amount not to exceed **$100,000.00**.

23. The Court approves a Service Award in the amount of **$10,000.00** (Ten Thousand Dollars) for the Class Representative, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

24. To the extent a *cy pres* award is made pursuant to the Settlement Agreement, such award will be distributed to the Illinois Equal Justice Foundation.

25. Neither this Final Approval Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the other Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of

any claims in this Action or a determination of any wrongdoing by Defendant or any of the other Released Parties. The Final Approval Order approving the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

26. The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order of dismissal with prejudice and to enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

27. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Settlement Class Members.

28. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

IT IS SO ORDERED.

Date: July 12, 2024

Steven C. Seeger
United States District Judge